UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LIBERTY USA CORPORATION F/K/A
GRE-USA CORPORATION,

                  Plaintiff,

     - against -                   03 Civ. 7142 (DAB)
                                          MEMORANDUM AND ORDER
BUYER'S CHOICE INSURANCE AGENCY LLC,
and TERRY S. JACOBS,

                  Defendants.
------------------------------------x
DEBORAH A. BATTS, United States District Judge.

    Liberty USA Corporation ("Plaintiff") brings this action against Buyer's Choice Insurance Agency LLC ("Buyer's Choice") and Terry S. Jacobs ("Jacobs") seeking to recover $183,333.00 it claims to be due and owing on a Promissory Note. Defendants, after removing this case from the Supreme Court of the State of New York, New York County, now move to dismiss for lack of subject matter and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2), or in the alternative, to transfer venue to state court in Ohio pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Defendants' Motion is GRANTED.

## I. BACKGROUND

    On May 27, 1998, GRE-USA Corporation ("GRE"), a Delaware corporation with a principal place of business in New York, New York and the predecessor in interest to Plaintiff, entered into

an agreement with Buyer's Choice, a Cincinnati, Ohio-based limited liability company, to sell to Buyer's Choice all of its assets in two insurance agencies, located respectively in Ohio and Indiana, for $425,000.00. (Compl. ¶¶ 3, 6; Affidavit of August T. Janszen in Support of Motion to Dismiss ["Janszen Aff."], Ex. A (Asset Purchase Agreement) ¶¶ 1-4; Affidavit of Carol G. Morokoff ["Morokoff Aff."] ¶ 9).[1] Under the GRE-Buyer's Choice Asset Purchase Agreement, Buyer's Choice agreed to pay the $450,000 as follows: (a) $150,000.00 at the closing of the sale, followed by (b) three equal annual installments of $91,667.00 due on the first through third anniversary dates of the closing. (Janszen Aff., Ex. A ¶¶ 4(a)-(b), 11(b)). The obligation to make these three installment payments was in turn to be evidenced by a Promissory Note that was to be personally guaranteed by Defendant Jacobs, himself an Ohio resident. (Id. ¶ 4(b); Compl. ¶ 2).

---

[1] Because Defendants' motion to dismiss requires the Court to resolve issues surrounding its exercise of subject matter and personal jurisdiction, the Court is not confined to the Complaint but instead "may refer to evidence outside the pleadings," such as affidavits. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Bensusan Restaurant Corp. v. King, 937 F.Supp. 295, 298 (S.D.N.Y. 1996) ("Matters outside the pleadings, however, may also be considered in resolving a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) without converting it into one for summary judgment.") (citing Visual Sciences, Inc. v. Integrated Communications Inc., 660 F.2d 56, 58 (2d Cir. 1981)).

On the same day the Asset Purchase Agreement was executed, Buyer's Choice executed a Promissory Note in favor of GRE for $275,000.00, payable in three annual installments of $91,667.00 due on the first, second, and third anniversaries of the Note's execution date, and Jacobs executed a Guaranty Agreement under which he personally guaranteed payment of all sums due under the Promissory Note.[2] (Compl. ¶¶ 5, 14, Ex. A (Promissory Note) at 1). The Promissory Note also provided that, in the event Buyer's Choice failed to make an installment payment within ten days after it was due, GRE could, at its option, declare the entire unpaid Note amount to be due and payable immediately. (Compl., Ex. A at 1).

The Asset Purchase Agreement and the Promissory Note contain conflicting forum selection clauses. The Asset Purchase Agreement provides that "the forum for any and all claims, disputes, or actions arising from this Agreement shall be the Court of Common Pleas of Hamilton County, Ohio." (Janszen Aff., Ex. A ¶ 22). Meanwhile, the Promissory Note specifies that "any legal action or proceeding arising out of or relating to this Note shall be brought in the courts of the State of New York or of the United States of America for the Southern District of New

---

[2] Neither Plaintiff nor Defendants have submitted an executed copy of the Guaranty Agreement to the Court.

3

York, in each case located in the County of New York." (Compl., Ex. A at 1).

The asset sale closed on May 27, 1998, and Buyer's Choice sent the first installment payment due under the Promissory Note to GRE's offices in New York City in May of 1999. (Compl. ¶ 8; Morokoff Aff. ¶ 6). Thereafter, however, Buyer's Choice failed to make the second installment payment by May 27, 2000, and when Plaintiff, who, through various corporate mergers and acquisitions, had succeeded GRE as holder of the Promissory Note, demanded payment, Buyer's Choice refused. (Compl. ¶¶ 9-10, Morokoff Aff. ¶ 9). Thus, pursuant to the Promissory Note, GRE demanded payment of the full unpaid balance of $183,333.00, which Buyer's Choice also refused to make, and then GRE demanded payment of the balance from Defendant Jacobs pursuant to the Guaranty Agreement, but was similarly refused. (Compl. ¶¶ 11, 16).

Thereafter, on July 18, 2003, Plaintiff commenced the present action against Buyer's Choice and Jacobs in New York State Supreme Court, New York County, seeking to hold both Defendants jointly and severally liable for the $183,333.00 unpaid balance under the Promissory Note plus any interest accruing on such amount since Buyer's Choice's default on May 28, 2000. (Compl. at 2). On September 12, 2003, Defendants

filed a notice of removal of the action to this Court, to which Plaintiff did not object. Defendants now move to dismiss for lack of subject matter and personal jurisdiction, or in the alternative, to transfer venue to the Court of Common Pleas of Hamilton County, Ohio.

II. DISCUSSION

A. The Procedural Posture of Defendants' Motion

Defendants move for dismissal or transfer of venue pursuant to Fed. R. Civ. P. 12(b)(1), claiming lack of subject matter jurisdiction. However, the Second Circuit has "long recognized that parties have no power by private contract to oust a federal court of jurisdiction otherwise obtaining." See New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.3d 24, 28 (2d Cir. 1997) (citing Wm. H. Muller & Co. v. Swedish Am. Line, Ltd., 224 F.2d 806 (2d Cir. 1955)); see also Licensed Practical Nurses, Technicians, and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc., 131 F.Supp.2d 393, 402-03 (S.D.N.Y. 2000) ("Private parties cannot defeat the subject matter jurisdiction of the federal courts by means of a forum-selection clause"). Indeed, Defendants themselves claimed in their Notice of Removal that the removal was proper based on diversity jurisdiction.

5

Although the Federal Rules of Civil Procedure and the caselaw fail to specify a procedural device for a motion to dismiss based upon a forum selection clause,[3] "[w]hat is clear is that the district court has the power to decline jurisdiction as a means of enforcing a valid forum selection clause in a contract, and . . . that, the weight of authority leans in favor of enforcing valid forum selection clauses." Carematrix of Massachusetts, Inc. v. Robert Kaplan, et al., No. 04 Civ. 4703, 2005 WL 14086, at *2 (S.D.N.Y. Jan. 3, 2005) (internal quotations and citations omitted); see also New Moon, 121 F.3d at 28; Lurie v. Norwegian Cruise Lines, Ltd., 305 F.Supp. 2d

---

[3] "[N]o consensus [has] developed as to the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause. Little consistency exists today between circuits." New Moon, 121 F.3d at 28. Cases in the Supreme Court and the Second Circuit have recognized dismissal as an appropriate remedy by which a district court enforces a forum-selection clause, based either on the court's inherent power to decline jurisdiction, by analogy to the traditional doctrine of forum non conveniens, or on the power under Rule 12(b)(6) to dismiss an action for failure to state a claim. See Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc., 131 F.Supp. 2d 393, 409 (S.D.N.Y. 2000); see also Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows, S.A., 493 F.Supp. 626, 629 (S.D.N.Y. 1980) (construing such a motion as dismissal for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure); Cerro De Pasco Copper Corp. v. Knut Knutsen, O.A.S., 187 F.2d 990, 991, n.1 (2d Cir. 1951) (instead of dismissing the case for lack of subject matter jurisdiction, court enforced forum-selection clause by taking jurisdiction and granting specific performance on ground that provision was fair and not against public policy).

352, 356-57 (S.D.N.Y. 2004) (court's authority to order dismissal based on a forum selection clause is rooted court's inherent authority to decline jurisdiction as a means of enforcing valid forum selection clause in contract); GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 198 F.R.D. 402, 405 (S.D.N.Y. 2001).

The validity of forum selection clauses in diversity cases is governed by federal law. See Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990) ("Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature."). However, in this case, the Plaintiff and Defendants are not contesting the validity of the forum selection clauses contained the Asset Purchase Agreement and the Promissory Note.[4] Rather, Defendants are arguing that the forum selection clause of the Asset Purchase Agreement controls and that the proper forum lies in a state court in

---

[4] Because the Court is not presented with the issue of the validity of the forum selection clause, but rather, with which clause controls, Plaintiff's reliance on the four-part standard in Ferrostaal, Inc. v. M/V Eagle, 2003 WL 21496689 (S.D.N.Y. June 30, 2003) is misplaced. Plaintiff also has cited National School Reporting Services Inc. v. National Schools of California, Ltd., 967 F.Supp. 127 (S.D.N.Y. 1997) in support of its argument that the Court maintains jurisdiction of this case. That case was before this Court and the facts of that case are completely inapposite to the facts in this case.

Ohio, and Plaintiff contends that the forum selection cause, naming New York, is the controlling document.

B.  Forum Selection Clause

According to Ohio law, "[d]ocuments that are incorporated by reference into a contract are to be read as though they are restated in the contract." Blanchard Valley Farmers Coop., Inc. v. Carl Niese & Sons Farms, Inc., 758 N.E.2d 1238, 1244 (Ohio App. 3 Dist. 2001); see also Christie v. GMS Mgt. Co., 705 N.E. 2d 691, 693 (holding that "[w]here one instrument incorporates another by reference, both must be read together") (citing 18 Ohio Jurisprudence 3d (1980), Contracts, Section 152); 11 Williston on Contracts § 30:25 (4th ed.) ("Where a writing refers to another document, that other document, or the portion to which reference is made, becomes constructively a part of the writing, and in that respect the two form a single instrument. The incorporated matter is to be interpreted as part of the writing.").

Furthermore, the Ohio Revised Code[5] provides that

>   (A) As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a

---

[5]  Title 13 of the Ohio Revised Code governs commercial transactions and codifies the Uniform Commercial Code.

> part of the same transaction, except that a
> holder in due course is not affected by any
> limitation of his rights arising out of the
> separate written agreement if he had no notice
> of the limitation when he took the instrument.

O.R.C. § 1308.18 (2005). The Ohio Supreme Court has interpreted this provision as stating that "the terms of a promissory note or other negotiable instrument, as between the immediate parties to the instrument, may be modified or affected by another writing executed as part of the same transaction. This follows from the general contract principle in Ohio law that writings executed as part of the same transaction should be read together." Kemmler, 584 N.E.2d at 698.

New York law sets forth substantively the same contract principles. In New York, it is the general rule that written contracts executed simultaneously and for the same purpose must be read and interpreted together. Nau v. Vulcan Rail & Constr. Co., 286 N.Y. 188 (1941); Manufacturers & Traders Trust Co. v. Erie County Indus. Dev. Agency, 269 A.D.2d 871, 872 (4th Dep't 2000); see also 22 N.Y. Jur 2d, Contracts § 258 ("In the absence of anything to indicate the contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction will be read and interpreted together, it being said that they are, in the eyes of the law, one instrument."); see also BWA Corp. v.

9

Alltrans Exp. U.S.A., Inc., 493 N.Y.S.2d 1, 3 (1st Dep't 1985) (holding that in the absence of anything to indicate a contrary intention, "[w]here several instruments constitute part of the same transaction, they must be interpreted together."). New York also has adopted the Uniform Commercial Code which contains the same language as § 1308.18 in the Ohio Revised Code. See NY CLS UCC § 3-119 (2005). As the law of both jurisdictions is substantively the same, the Court need not engage in a conflict of laws analysis.[6]

---

[6] However, if the forum selection clause in the Asset Purchase Agreement did not specify Ohio law, Ohio law would govern this case. In all cases where the court's jurisdiction is based on 28 U.S.C. § 1332 (diversity jurisdiction), the Court must apply New York's choice of law rules to determine which jurisdiction's laws apply to the claims asserted in the Complaint. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941). New York employs a "center of gravity" or "grouping of contracts" analysis in contract claims in order to identify the state with "the most significant relationship to the transaction and the parties," considering factors such as the places of contracting, negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties. See Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 317 (1994) (citing Restatement (Second) Conflict of Laws § 188(1)(1971)); see also Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co., 295 F.3d 256, 260-61 (2d Cir. 2002); Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997).

It is not entirely clear from the face of the Asset Purchase Agreement and the Promissory Note where the documents were executed. But it seems that the Promissory Note, at least, notarized by a Notary Public in the State of Ohio, was executed in Ohio. Furthermore, the Asset Purchase Agreement lists GRE, the predecessor in interest of Plaintiff, as the owner and operator of two insurance agencies in Ohio, and Defendant Buyer

Both the Promissory Note and the Asset Purchase Agreement were executed on the same day. Both Parties to the Promissory Agreement were also Parties to the Asset Purchase Agreement. In addition, the purpose of the two agreements was the same – the sale of certain assets held by the Sellers to the Buyer. In addition, the Promissory Note is explicitly incorporated into the Asset Purchase Agreement, and is specifically cited as part of the consideration for the contract. Furthermore, the Asset Purchase Agreement provided that the Promissory Note and the Guarantee executed by Terry Jacobs were to be delivered at Closing by the Buyer. Thus, the Promissory Note was incorporated in the Asset Purchase Agreement, was executed contemporaneously with that Agreement, by the same parties, for the same purpose, and both documents shall be construed as one contract. The Promissory Note's forum selection clause also was superceded by the forum selection clause in the Asset Purchase Agreement. Further, failure to make payments under the Promissory Note is necessarily a breach of the Asset Purchase Agreement, which provided that the purchase price would consist

---

as a company with its principal place of business in Ohio. The Asset Purchase Agreement itself was to sell, transfer, assign, convey and deliver to Defendant Buyer assets related to the two agencies located in Ohio. Therefore, according to New York choice of law rules, the Court would be required to apply Ohio law in this case.

of the installment payments to be made pursuant to the Promissory Note. Therefore, the forum selection clause in the Asset Purchase Agreement, which states that Ohio law will govern the Agreement and that "all claims, disputes, or actions arising from this Agreement" shall be in a state court in Ohio, applies to this case. The forum, as contracted between the Parties, lies in the Court of Common Pleas of Hamilton County, Ohio.

C. Transfer or Dismiss

Defendants seek a dismissal and/or transfer venue to the Court of Common Pleas of Hamilton County, Ohio. However, this Court lacks the statutory authority to transfer this case to a state court.

> Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts, and it says nothing concerning the power of some court other than the forum where the lawsuit is initiated to enjoin the litigant from further prosecuting a transitory cause of action in some other jurisdiction.

Pope v. Atlantic Coast Line R.R. Co., 345 U.S. 379 (1953); Jones v. Weilbrecht, 901 F.2d 17, 19 (2d Cir. 1990) (holding that transfer under § 1404(a) is inappropriate where party seeks

12

dismissal or remand to state court). The appropriate remedy in this case, therefore, is to DISMISS this case without prejudice.[7]

Accordingly, the Court, having found that the forum selection clause in the Asset Purchase Agreement trumps that contained in the Promissory Note, GRANTS Defendants' Motion to Dismiss.

---

[7] Because the Court dismisses this case based on the forum selection clause in the Asset Purchase Agreement, the Court does not address Defendants' argument that the case should be dismissed due to lack of personal jurisdiction. However, the Court notes that Defendants consented to jurisdiction in this Court. Defendant Buyer signed the Promissory Note, which contained the forum selection clause selecting the State of New York or the Southern District of New York. Individual Defendant Jacobs also consented to jurisdiction when he signed the Guaranty Agreement which incorporates and refers to the Promissory Note containing the forum selection clause. In that Guaranty Agreement, Jacobs agreed to "[waive] all defenses of any kind to which he might otherwise be entitled with respect to such guaranty." Neither Defendant has argued that the forum selection clause in the Promissory Note was invalid as a basis for their personal jurisdiction defense.

13

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

The Clerk of the Court is DIRECTED to close this case and remove it from the docket.

SO ORDERED.

DATED:   New York, New York
         July 15, 2005

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge